GREENSPAN v. OLINER et al. (two cases). (Nos. 226–16, 226–25.)

HOFFER v. SOHMER, State Comptroller, et al. (two cases).
(Nos. 226–15, 226–24.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.)

1. CONSTITUTIONAL LAW (§ 121\*)—OBLIGATION OF CONTRACTS—REGULATION OF BANKS.

    Laws 1910, c. 348, requiring individuals or partnerships engaged in the banking business to procure a license therefor, to deposit securities, and to give bond for the repayment of all deposits, was an act of general legislation for the regulation of that business, and did not constitute a con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tract between the Legislature, and the depositors to continue the business, or the security, and therefore the Banking Law (Laws 1914, c. 369), which repeals the former act and provides different regulations, is not void as impairing the obligation of a contract.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 285, 304–311, 342–348; Dec. Dig. § 121.*]

2. CONSTITUTIONAL LAW (§ 121*)—OBLIGATION OF CONTRACTS—REGULATION OF BANKS.

While a state may enter into private contracts with individuals by which the people and the government are forever bound, a general statute, which was designed as a mere matter of regulation for the time being, will never be construed to have such effect.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 285, 304–311, 342–348; Dec. Dig. § 121.*]

Appeal from Special Term, Albany County.

Two actions by Louis Greenspan against Saul Oliner and others, and two actions by Charles Hoffer against William Sohmer and others, in each of which actions plaintiff appealed from an order denying his motion for an injunction pendente lite, and for judgment on the pleadings, and all of the appeals were heard and determined together in the Appellate Division. Orders affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Alex. I. Hahn, of New York City (Irving G. Vann and D. Cady Herrick, both of Albany, and Edward Weiss, of New York City, of counsel), for appellants.

Thomas Carmody, Atty. Gen. (James A. Parsons and Edward G. Griffin, Deputy Attys. Gen., of counsel), for respondents State Comptroller and Superintendent of Banks.

Herman Joseph, of New York City, for Deutsch respondents.

WOODWARD, J. These actions are identical in principle, merely involving different parties and unlike amounts, and will be treated as a single case.

The plaintiff Louis Greenspan, as a depositor of the private banking firm of Oliner Bros., brings this action to restrain said bankers, the state comptroller, the superintendent of banks, the London & Lancashire Guaranty & Accident Company, and the Ætna Accident & Liability Company from performing certain acts pursuant to the provisions of chapter 369 of the Laws of 1914; it being contended on the part of the plaintiff that such act is unconstitutional and void in so far as it permits of the cancellation of certain bonds given under the provisions of chapter 348 of the Laws of 1910, and amendments thereto.

Chapter 348 of the Laws of 1910 adds a new article, known as article 3a, to the General Business Law, and it is provided in the twenty-fifth section that, except as provided in this article:

"No individual or partnership shall hereafter engage directly or indirectly in the business of receiving deposits of money for safe-keeping or for the purpose of transmission to another or for any other purpose in cities of the first class, without having first obtained from the comptroller a license to engage in such business."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The act then makes provision for making application for such licenses, requiring a deposit of money or securities to the extent of $10,000, and further that:

"There shall be presented to the comptroller a·bond to the people of the state of New York, executed by the applicant and by a surety company approved by the comptroller, conditioned upon the faithful holding of all moneys that may be deposited with the applicant, in accordance with the terms of the deposit and the repayment of such moneys so deposited and upon the faithful transmission of any money which shall be delivered to such applicant for transmission to another, and in the event of the insolvency or bankruptcy of the applicant, upon the payment of the full amount of such bond to the assignee, receiver or trustee of the applicant, as the case may require, for the benefit of the persons making such deposits and of such persons as shall deliver money to the applicant for transmission to another."

Section 26 of the act provides for the keeping of books and the revocation of licenses, and section 27 provides certain penalties for any one who shall carry on the business described without having procured such license, and several other sections prescribe the conditions and limitations under which the licensee can do the business mentioned in the act in its twenty-fifth section.

The complaint alleges compliance with the provisions of this act on the part of Oliner Bros., the London & Lancashire Guaranty & Accident Company and the Ætna Accident & Liability Company becoming the sureties upon the bonds required under the act, and that the plaintiff is a depositor in the private banking house of Oliner Bros., entitled to protection under the provisions of the said bonds. It appears to be the theory of the plaintiff that these bonds, given by Oliner Bros., and guaranteed by the insurance companies, constitute a contract under which he deposited his money with Oliner Bros., and, although it is conceded that these deposits are made subject to his demand for the return of the same, he insists that he is satisfied to permit his money to remain where it is, and that the act of the Legislature of 1914, permitting the cancellation and retirement of the bonds thus given, is a violation of the obligation of the contract with him as a depositor; and several other constitutional objections are suggested.

[1] The learned court at Special Term has denied all relief to the plaintiff in both actions, and the question involved in them is whether the provisions of chapter 369 of the Laws of 1914 are open to these constitutional objections. It seems entirely clear to us that the court below has properly disposed of the questions, though the importance of the questions fairly entitle all the parties to the reasons underlying the determination. Chapter 348 of the Laws of 1910 is an act having no other purpose than the regulation of private persons in performing certain functions of banking. It provides for licensing proper persons, furnishing the required securities, to receive deposits of money for safe-keeping, and to transmit moneys to third persons; and so long as the Legislature continues the act in force the plaintiff and others depositing their moneys with Oliner Bros. would be entitled to the protection which the law was designed to afford to such depositors. There is, however, nothing in the nature of a contract in the legislation. There is no expressed or implied promise that the license will be continued for any length of time, and it is always within the

legitimate scope of legislative power to repeal or amend legislative enactments dealing merely with the regulation of business.

[2] It is true that the state may, if it will, within the limits prescribed by its organic law, enter into private contracts with its citizens by which the people and the government are forever bound; but we are never to construe a general statute as embracing such a purpose, when it is obvious that it was designed only as an expression of the legislative will for the time being, in a matter of mere municipal regulation. When this is the object of the law, those who act upon the faith of its provisions do so with a reasonable assurance, indeed, that it will not be modified or repealed until such action shall be required, in the judgment of the Legislature, by the general interests of the community; but with notice that it is subject to revocation by the state whenever the public exigencies may demand. Such a repeal involves no breach of obligation in the sense of the federal Constitution; for the faith reposed is on the stability of a general law, and not on the efficacy of a legal contract. People v. Roper, 35 N. Y. 629, 635; People ex rel. Davies v. Commissioners of Taxes, 47 N. Y. 501, 503; Rector, etc., of Christ Church, Philadelphia, v. County of Philadelphia, 24 How. 300, 16 L. Ed. 602.

Oliner Bros. made their contract with the surety companies as a condition of securing the license necessary to enable them to do the business of receiving deposits for safe-keeping, etc., and they made their contract with the plaintiff as a depositor under the provisions of the law which afforded special security for such deposits; but all the parties made their contracts with notice that the Legislature might, in its wisdom, repeal the act, and all the contracts were made subject to the inherent right of the Legislature to repeal a mere license law for the regulation of a private business. In other words, the plaintiff, in making his deposit under the provisions of this statute, did not become vested with a property right to a continuous deposit under the act. His right to the special protection terminated with the right of Oliner Bros. to continue business under the special provisions of the act, and when the Legislature decided to repeal the act of 1910, and to substitute therefor the provisions of chapter 369 of the Laws of 1914, it took from the plaintiff no right whatever. He had a right to demand and receive the amount of his deposit under the terms of the contract; but he could not stand in the way of the power of the Legislature, and continue that deposit beyond the life of the authority given to Oliner Bros. under the license. The Legislature had made no contract that it would not change the law, and the rights of the plaintiff depended, so far as his right to the special security of the bonds was concerned, on the law which provided for the making of such bonds.

If the Legislature had attempted to relieve the surety companies from the obligations of the bonds, to the wrong of the plaintiff, there might be some foundation for the action; but so long as the plaintiff had a right to demand and receive his deposit under the protection of the bonds he has no cause to complain, because the Legislature has decided that the welfare of the state demands some other method of dealing with private banking concerns. The state is under no obliga-

tion to continue the plaintiff's privilege of depositing his money at 4 per cent. under special guaranties. It provided such an opportunity for a time, and then it was determined that another plan was better adapted to the general welfare, and the plaintiff has not suffered any wrong by reason of such a change; and all the contracts having been made in the light of the law in relation to the powers of the Legislature no constitutional question is involved, no obligation of a contract has been violated, and no right of property has been infringed.

The orders appealed from should be affirmed, with costs. All concur.